UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LORI CONRAD,                                                             CIVIL NO. 07-151 (JRT/JSM)

    Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION
                                                                                 ON APPLICATION FOR ATTORNEY'S FEES**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Ethel J. Schaen, and Thomas A. Krause Esqs., on behalf of Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, on behalf of Defendant.
_____

JANIE S. MAYERON, United States Magistrate Judge

**I.     INTRODUCTION**

This matter is before the Court for a Report and Recommendation to the District Court, regarding Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Pltf's App.") [Doc. No. 23]. Two attorneys represented plaintiff in this action: Thomas A. Krause, Esq. submitted that he is entitled to attorney's fees in the amount of $4,295.77, and Ethel J. Schaen, Esq. submitted that she is entitled to attorney's fees in the amount of $521.76. See Declaration of Thomas A. Krause, ¶9 ("Krause Decl.") and Declaration of Ethel J. Schaen, ¶6 ("Schaen Decl."). Defendant opposed an award of attorney's fees, and argued that if fees are awarded, the amount should be reduced and the check should be payable to plaintiff, not counsel. See Defendant's Response to Plaintiff's Application for Attorney's Fees ("Def's Resp.") Subsequent to that submission, defendant served and filed a Notice of Supplemental

Authority informing the Court of a recent decision by the Eighth Circuit, Ratliff v. Astrue, --F.3d--, No. 07-2317, 2008 WL 4093013 (8th Cir. Sept. 5, 2008), in which the court held that attorney's fees under the Equal Access to Justice Act ("EAJA") should be awarded to plaintiff's attorney, and not to plaintiff. [Docket No. 26]. For the reasons set forth below, the Court recommends that plaintiff's fee application be granted in part, but that the fees, reduced to $4,626.79, should be awarded to plaintiff's counsel.

## II.     BACKGROUND

Plaintiff filed an application for social security disability insurance benefits and supplemental security income on August 27, 2002. See Report and Recommendation, p. 2. On June 21, 2006, the ALJ issued an unfavorable decision, and the Appeal Council's denial of review made the ALJ's findings the final decision of the Commissioner. 42 U.S.C. § 405(g). Id. Plaintiff appealed to the United States District Court, District of Minnesota, and the undersigned recommended remand to the Commissioner because the ALJ erred by not stating in detail his reasoning for finding that the treating physician's opinion is not entitled to controlling weight, and the ALJ failed to address the functional impairments the treating physician placed on plaintiff's ability to reach, handle, and feel. Id. at 38. The case was reversed and remanded for further agency proceedings when United States District Court Judge John R. Tunheim adopted the Report and Recommendation. Conrad v. Astrue, No. 07cv151 (JRT/JSM) (D.Minn. March 31, 2008). Plaintiff's counsel has now filed an application seeking to collect attorney's fees under 28 U.S.C. § 2412(d).

## III.     DISCUSSION

Plaintiff argued that the Commissioner's position in the underlying litigation was not substantially justified.  Pltf's App., ¶10.  Plaintiff reasoned that the ALJ failed to properly evaluate the treating physician's opinion, and failed to make a function by function analysis of the claimant's impairments.  Id.

Thomas A. Krause, Esq. seeks a total of $4,295.77 for attorney's fees.  Krause Decl., ¶9.  Krause provided an itemization of 24.70 hours of work, for which he requested compensation at a rate of $173.92 per hour.  Id.  This was based on a cost of living increase computed for the current year, for a total of $4,295.77.  Id. at ¶¶7, 9.  Krause provided a summary of his fee application, and a copy of the relevant consumer price index ("CPI").  Krause also asserted that plaintiff assigned her right to fees under the Equal Access to Justice Act to counsel.  Pltf's App., ¶12.  Schaen provided an itemized affidavit for three hours of work at the rate of $173.92, for a total of $521.76.  Schaen Decl., ¶¶2, 5, 6.  Plaintiff contended the requested amount is consistent with the allowance of a cost of living increase in the hourly rate established by 28 U.S.C. § 2412(d)(2)(A)(ii).

In opposition to the application for attorney's fees, defendant argued that the Commissioner's decision was substantially justified because the ALJ at least had a rational basis for believing that he provided adequate reasons for the weight he gave to the treating physician's opinion.  Def's Resp., p. 5. Defendant further maintained that, although the ALJ failed to set forth any hand limitations in the residual functional capacity determination, it was reasonable for the ALJ not to include any hand limitations because plaintiff first complained about difficulty with her hands two years after her alleged disability onset date.  Id.  Thus, defendant contended the agency's position was

3

substantially justified, and asked the Court to deny the application for attorney's fees.

Alternatively, defendant submitted the Court should consider reducing the amount of fees awarded because plaintiff miscalculated the cost of living increase by applying the hourly rate for the year 2008, $173.92, to work done in the years 2007 and 2006.  Def's Resp., p. 6.  Defendant indicated that the hourly rate for work performed in the year 2007 should be $166.43, and the hourly rate for work performed in the year 2006 should be $161.85.  Id.

Finally, defendant asserted any fee awarded should be payable to the plaintiff, not counsel, because plaintiff's counsel confirmed that plaintiff had not in fact assigned her right to fees under the EAJA to her counsel.  Def's Resp., p. 7.  Defendant argued that fees awarded under the EAJA are awarded to "the prevailing party," and should be payable to the party, not the prevailing party's attorney.  Id.  Presumably, defendant has withdrawn this argument in light of the recent decision by the Eighth Circuit, Ratliff v. Astrue, supra.

**A.    Standard of Review**

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a), provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

4

The burden is on the Government to show that its position was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). "The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Id. (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (emphasis in original)).

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412 (d)(2)(A)(ii).

> Where the United States Department of Labor's Consumer Price Index is submitted as proof of an increase in the cost of living, and where such submission is not challenged by the Commissioner as being unreasonable, unjustified, or otherwise improper, a district court abuses its discretion in concluding that a cost of living increase is not warranted.

Walker v. Barnhart, 302 F.Supp.2d 1072, 75 (S.D. Iowa 2003) (citing Johnson v. Sullivan, 919 F.2d 503, 504 (8th Cir. 1990).

**B.   Analysis**

The agency's position in this case was not well founded in law or in fact. First, the agency's position was not well founded in law because "the language used by the ALJ in his decision for not placing controlling weight on the opinions of Dr. Lofton suggested that he did not use the correct standard for evaluating [physicians'] opinions as required by regulations and the case law." Report and Recommendation at 30-32. Furthermore, the ALJ's conclusory explanation for rejecting Dr. Lofton's opinion did not meet the level of specificity required under the regulations for rejecting a physician's opinion. Id. at 33.

5

Second, the agency's position was not well founded in fact because the ALJ failed to explain why he did not include any limitations in the use of plaintiff's hands in his residual functional capacity determination, even though Dr. Lofton opined that plaintiff was unable to reach, handle, and feel due to pain. Report and Recommendation at p. 36. Although the ALJ may have had a reason not to include any hand impairments in the RFC, the ALJ did not cite any evidence or provide any reason for his decision. Id. at 36-37. Therefore, the agency's position was not substantially justified, and plaintiff is entitled to an award of attorney's fees pursuant to 28 U.S.C. § 2412(d).

### C. Calculation and Award

Defendant argued that plaintiff miscalculated the cost of living increase for the hourly rate of attorney's fees under the Equal Access to Justice Act by applying the cost of living increase for the current year, 2008, to work done in the years 2006 and 2007. Def's Resp., p. 6. Review of the Declaration of Thomas A. Krause indicates that counsel inadvertently applied the current year cost of living increase to work performed in prior years.[1] Krause's itemization of hours, attached to the application for fees, indicates that he performed 3.2 hours of work in 2008; and the remaining 21.5 hours of work in 2007. Schaen's itemization of hours, also attached to the application for fees, indicates that she performed 2 hours of work in 2006; .75 hours of work in 2007; and .25

---

[1] Paragraph 7 of the Krause Declaration explains the calculation used to obtain the *current* cost of living increase for the hourly rate of attorney's fees under the Equal Access to Justice Act, which results in an hourly rate of $173.92. Paragraph 8 of the Krause Declaration provides the calculation for the cost of living increases for the years 2006 and 2007, which results in hourly rates of $161.85 and $166.43 respectively.

hours of work in 2008.[2] The attorney's fees requested are reasonable. Therefore, the attorney's fee award for Krause's work should be calculated as follows: 21.5 x 166.43 ($3,578.25) + 3.2 x 173.92 ($556.54) = $4,134.79. The attorney's fee award for Schaen's work should be calculated as follows: 2 x 161.85 ($323.70) + .75 x $166.43 (124.82) + .25 x $173.92 (43.48) = $492.00. The total attorney's fee award should be $4,626.79. Finally, the Eighth Circuit has held that "attorneys' fees awarded under the EAJA are awarded to the prevailing parties' attorneys, rather than to the parties themselves. . ." Ratliff, 2008 WL 4093013, at *1; therefore, the checks should be payable to plaintiff's attorneys, Thomas Krause and Ethel Schaen.

## IV.   RECOMMENDATION

For the foregoing reasons, it is hereby recommended that plaintiff's fee application be granted in part. Plaintiff should be awarded attorney's fees in the amount of $4,626.79, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and the checks for this amount should be payable to plaintiff's attorneys, Thomas Krause and Ethel Schaen.

Dated:   October 15, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[2] The Court assumes there is an inadvertent error in Schaen's itemization of hours, which indicates that she drafted the Plaintiff's Affidavit of Net Worth and the Declaration of Ethel Schaen for attorney's fees on 11/15/2006, because her Declaration is actually dated June 30, 2008.

**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 3, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.